DANIEL STAGG *v.* CURATORS OF KENTUCKY UNIVERSITY.

Pleading—Petition Sufficient to Constitute Cause of Action—Stock Subscription to a University.

An action to cancel a subscription for stock in a university, to be sufficient, must show that his subscription contained an allegation that the university was to be located in a certain town, and that the agent, who solicited subscriptions on such representations, was authorized to make them.

Same—Payment of Stock in Tuition.

On an allegation that upon the subscriptions in stock, he was entitled to tuition therefor, before an action will lie, it must be shown the university refused to permit him to send pupils thereto as prescribed in the certificate.

Colleges and Universities—Removal to Another County—Liability for Refund of Stock Subscriptions.

Where, by the act of the legislature, authorizing the removal of a university from one county to another, and requiring the refunding of stock subscriptions to original subscribers in the first county the university was located, "the amount of tuition unpaid to them," as provided in their stock, where one of the subscribers had removed from the county before the passage of said act, he would not be entitled to the benefits thereof.

APPEAL FROM FAYETTE CIRCUIT COURT.

January 11, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

Although appellant alleges in his petition that his said subscription was made and procured upon the faith and representation by the authorized agent to procure subscriptions for the permanent endowment of said institution, that it should be located in, or near Harrodsburg. He fails to allege that his subscription contained that condition, and also fails to allege that said agent, although authorized to procure subscriptions, was authorized to make the asserted representation.

Moreover, it appears from the certificate of stock filed by ap-

pellant as the foundation of his claim that in consideration of his subscription, and the payment of the amount thereof he was entitled to tuition in said University to the amount of said payment at the rate of $30 *per annum* for each pupil, etc. But he does not allege that appellees have failed or refused to permit him to send pupils to the Kentucky University on the terms prescribed in said certificate or that they have put it out of their power to pay him in tuition fees.

There is nothing in the original charter prohibiting the removal of the University, or, subjecting it to the repayment of the stock, to stockholders in case of removal; but by the Act of the legislature authorizing the removal of said University to Fayette county, it is bound to refund to the citizens of Mercer county the amount of tuition unpaid to them. But appellant had removed from the county of Mercer before the passage of said Act, as is alleged in his petition, and is not entitled to the benefit of that provision.

It seems that the petition failed to state facts to constitute a cause of action. Wherefore, the judgment is *affirmed*.

*Polk, for appellant.*

*Beck & Thornton, for appellees.*